## BAKER *against* HOAG.

### *Lien for salvage.*

REPLEVIN for a quantity of wool. On the 16th November, 1846, the wool, then owned by Hoag, was on board a canal boat passing down the Hudson, in tow of a steamboat. A collision with another steamboat occurred, by which the canal boat was sunk, and disappeared in the channel of the river. Several days were spent by the defendant and others in unsuccessful efforts to find the boat, and the search was then abandoned; about two months afterward, the boat was discovered near the centre of the river, and the plaintiff, with several assistants, after several days' exertion, attended with some expense, danger and personal risk, succeeded in bringing the boat and cargo to the shore, and unlading her cargo. The boat was found where the tide ebbs and flows. Before the cargo was all unladen, the defendant claimed the wool, and took it from the plaintiff's possession. The plaintiff then brought this suit, claiming a lien for salvage. The defendant obtained judgment in the Supreme Court, on the ground that the plaintiff had no lien, either at common law or under the statute relative to wrecked property. The judgment was reversed, and a new trial ordered; the Court of Appeals holding that the plaintiff had no lien under the statute, as the property was not "cast by the sea upon the land," and was not therefore "wrecked property," as defined in the statute.

But that the plaintiff was entitled to salvage by the common law. That the property was found derelict at sea, that is, within the limits of admiralty and maritime jurisdiction, and the plaintiff might hold it until paid a reasonable compensation for his expenses, services, and personal risk, in saving it from impending loss.

That the question whether personal risk was incurred in saving the property did not affect the right of the salvor, but only the amount of his compensation.

That the salvor had a right to hold the property until paid his reasonable salvage, and when taken from him wrongfully, even by the general owner, to bring his action in a common law court, without resorting to admiralty.

(S. C., 3 Barb. 203; 7 id. 113; 7 N. Y. 555.)